Andrew and Jody Stone
194 Spring St.
East Greenwich, RI 02818
(703) 362-1404 Telephone
andrewchadwickstone@gmail.com

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ANDREW STONE & JODY STONE, as Husband and Wife<br><br>Plaintiff(s),<br><br>v.<br><br>CITIZENS BANK, N.A., and/or its successors, individually, and in their official capacity, an *ens legis* being used to conceal fraud,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT FOR: FRAUD BY INTENTIONAL MISREPRESENTATION, FAILURE TO PROPERLY RECORD ASSIGNMENT,**<br><br><br><br>**Jury Trial Demanded<br>Reserve the Right to Amend<br>Requesting Hearing In Equity**<br><br>Judge:<br>Dept:<br>Action Filed:<br>Trial Date: |

**PLAINTIFFS' ORIGINAL COMPLAINT**

COMES NOW, Andrew Stone *et ux.*, Jody Stone, husband and wife (hereinafter Plaintiffs) proceeding in *propria persona*, and files their civil lawsuit *ex equitate* aforementioned for the real property located at 194 Spring St. East Greenwich, RI [02818]. Plaintiffs hereby allege as follows:

- 1 -
PLAINTIFF'S ORIGINAL COMPLAINT

## INTRODUCTION

This action is a civil action filed jointly by Andrew and Jody Stone, (hereinafter "Plaintiffs") against Citizens Bank, N.A., (hereinafter "Defendants"), for misconduct related to their origination and servicing of Plaintiffs' single family residential mortgage. The Plaintiffs demands that their *pro se* status be recognized and treated by the United States Supreme Court, US District Courts, and Rhode Island Supreme Court. It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim. *See, e.g., Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981) (noting "well established requirement that *pro se* pleadings be held to less stringent standards than those prepared by counsel"); *Munz v. Parr*, 758 F.2d 1254, 1258 (8th Cir. 1985) (*pro se* complaint not frivolous unless it is "beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief"); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Not only is the district court to view the *pro se* complaint with an understanding eye, but, while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds. Indeed, it is the "well-established duty of the trial court to ensure that the claims of a *pro se* litigants are given a fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987) (citations omitted).

## THE PARTIES

This action concerns certain real property, of which, Plaintiffs, Andrew and Jody Stone, a married couple, residing in the State of Rhode Island, County of Kent, are the purchasers of certain real property located at 194 Spring St. East Greenwich, RI 02818 Parcel Identifier T7-0342-00A ("the property" or "property" ) and is legally described as:

That certain tract or parcel of land situated in the Town of East Greenwich, County of Kent and State of Rhode Island located on the southwesterly side of Spring Street, bounded and described as follows:

Beginning at a point in the southwesterly line of Spring Street, said point being the northerly corner of land now or formerly of Sverre Hindal and the easterly corner of land herein conveyed; thence running northwesterly, bounded northeasterly said Spring Street one hundred ten (110) feet, more or less, to land now or formerly of J. William Corr et ux; thence turning and running southwesterly bounded northwesterly by said Corr land a distance of two hundred (200) feet, more or less, to land now or formerly of John E. Leatherwood land and in part by land now or formerly in part by said Leatherwood land and in part by land now or formerly of Sumner B. Halsban et ux one hundred ten (110) feet, more or less, to a point; thence turning and running northeasterly, bounding southeasterly by land now or formerly of Sverre Hindal two hundred feet, more or less, to the point and place of beginning.

Being lot numbered 4 (four) and the northwesterly ten (10) feet in width by the entire depth of lot numbered 3 (three) on that plat entitled "Plan of Land Belonging to Henry B. Eldridge", which said plat is recorded in the Land Evidence Records of the Town of East Greenwich. 194 Spring Street, East Greenwich, RI 02818, Plat 2 Lot 64.

## JURISDICTION

This Court has subject matter and personal jurisdiction, Plaintiff need only make a *prima facie* showing of jurisdictional facts. Fed. R. Civ. P. 12(b)(2). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343. The Court may find that federal question jurisdiction under 28 U.S.C. § 1331 has been established initially. "[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides tat federal jurisdiction exists only when a federal question is presented on the face of the Plaintiffs properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998) (citation omitted). Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation,*, 546 U.S. 500 (2006). Therefore, the Court indeed, make "[t]he assertion of a claim under a federal statue alone is sufficient to empower the District Court to assume jurisdiction over the case..." *Cervantez v. Bexar County Civil Service*

*Commission*, 99 F.3d 730, 733 (5th Cir. 1996) *(quoting, Holland/blue Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988)). The citizenship of all parties are within the Jurisdiction of this Court. "For individuals, citizenship is an individual's domicile, which requires "residence and the intention to remain." *Preston v. Tenet Healthsytem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007). A corporation's citizenship is the state in which it has been incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

Venue lies in this Court pursuant to 28 U.S.C § 1391.

### RULE OF LAW

Whereby this cause, being a complaint in exclusive equity jurisdiction, (as it directly involves the property/estate/securities of the Plaintiffs), cites the rule of law as follows upon: With the merger of law and equity, there is only one form of action, a civil action 12 U.S.C § 2614. By using the term "action" in § 2614, without any restriction on its ordinary meaning, Congress intended the federal courts to have jurisdiction in a RESPA action over claims for both legal and equitable relief. "Equity having power and the court having jurisdiction, decrees can conform to the exigencies of the suits and award appropriate relief under the complainants general prayer." *United States v. Cooper*, 217 F. 846, 847 (D. Mont. 1914). "While a court of equity, having once obtained jurisdiction of a cause, will retain it for all purposes and administer complete relief, yet in order to authorize relief which can be obtained in a suit at law, there must be some substantial ground of equitable jurisdiction both alleged and proven; otherwise a court of equity will not retain jurisdiction and grant a purely legal remedy." *Gentry-Futch Company v. Gentry*, 90 Fla. 595, 106 So. 473; *See also* 10 R.C.L. 370 to 372. The suit is brought for special relief, and the judgment required to be entered is such as a court exercising jurisdiction in equity alone could render. *See Shoshone Min. Co. v. Rutter*, 87 F. 801, 804 (9th Cir. 1898). "[W]here…. the equitable jurisdiction of the court has properly been invoked… the court has the power to decide all relevant matters in dispute and to award complete relief even though the decree includes that which might be conferred by a court of law.." *Porter v. Warner Holding Co.*, 328 U.S. 395, 399, 66 S.Ct. 1086, 1090, 90 L.Ed. 1332 (1946).

## BACKGROUND

Plaintiffs files their complaint properly so that they meet the burden of Proof and Stating a Claim upon which relief can be granted. Plaintiffs by way of extensive research with the aid of private Forensic Audit coupled with an expert witness in support present the facts therein. Plaintiffs presents a multi-pronged complaint consisting primarily of FRAUD BY INTENTIONAL MISREPRESENTATION, FAILURE TO PROPERLY RECORD ASSIGNMENTS, *inter alia*. To give this Court a better understanding of this huge complicated issue that should not and will not go unnoticed due to the severity of the issue and the growing nationwide epidemic of real estate property. Plaintiffs states their claims as follows:

## FIRST CAUSES OF ACTION

### Fraud By Intentional Misrepresentation

In the first count, labeled "Fraud," Plaintiff alleges that the note does not evidence any loan, that the note and mortgage are unenforceable, that banks cannot loan money by creating currency, and that the banks involved in this action owe Plaintiff money. Plaintiffs hereby incorporate by reference, plead and allege each and every allegation contained in in the paragraphs set forth herein. The misrepresentation made by Defendants were in fact false.

In Plaintiffs "First Cause of Action," When Defendants herein made these misrepresentations, knowing them to be false "unjust enrichment" and doing so with the intention to deceive and defraud the Plaintiffs, so that Defendants *inter alia* could make their respective profits, commissions, sales quotas, and by depriving Plaintiffs of the rights to title and ownership of the Subject Property, gain other beneficial financial interests.

Plaintiffs, at that time, were ignorant of the Defendants' false representations stated herein, ignorance of Defendants secret intentions, and Plaintiffs could not, in the exercise of reasonable diligence have discovered the Defendants secret intentions and false representations. In reliance on the promises of Defendants, Plaintiffs signed various documents.

On November 05, 2025 Plaintiffs payment stream (The Debt) was identified in the Citizens Financial Group CFG Series 2018-3 Trust. This trust has been identified as a Special Purpose Vehicle

(SPV) which was created for the purpose of issuing mortgage-backed securities. The returns that are paid on the mortgage-backed securities are derived from "slices" ("tranches") of the pool of comingled payments. "Pooling" (commingling) these trust assets to back financial instruments purportedly serve as the foundation for the instruments, known as ("securities") being offered and sold to secondary-market investors, in the process also known as "securitization."

Plaintiffs identified several loan indicators which included plaintiffs own loan number located on the Note, See Exhibit "A," and the Mortgage, therein identified as Exhibit "B". Based upon Plaintiffs mortgage payments that ultimately flowed to and /or through the "pool" created by or on behalf of the Citizens Financial Group CFG Series 2018-3 Trust. However, plaintiffs concluded that it was impossible to determine the exact amounts from any mortgage payment that was paid out to any specific investor, as this misconduct was done after Plaintiffs payments were commingled with other monies.

Plaintiffs loan has shown that the payment stream (The Debt) was securitized, however it was not done properly; Plaintiffs alleges that Citizens Financial Group CFG Series 2018-3 Trust paid value for the Plaintiffs payment stream (The Debt) which was the right to collect future payments for the Plaintiffs mortgage loan.

Plaintiffs also alleged that defendants has shown misconduct in the areas of Residential Mortgage-backed Securities, or RMBS (**Bond or notes created by securitization that are backed by residential mortgages or residential real estate loans. RMBS originators are typically financial institutions that originate residential real estate or residential mortgage loans, including banks, building societies/savings & loans and mortgage finance companies.**) Plaintiffs have thoroughly examined the most current copy of their Promissory Note (obtained by the Plaintiffs from Citizens Bank, N.A., the current "servicer' of the loan, on or about November 5, 2025, plaintiffs mortgage; plaintiff then concluded that Citizens Financial Group CFG Series Trust was not and is not named in any manner on any of the instruments (See Exhibit "A" thru "C" attached within.)

**Note: To create residential mortgage-backed securities, or RMBS, institutions sell pools of their loans to a special-purpose vehicle, or SPV, which then sells the loans to a trust. The trust then repackages the loans as interest-bearing securities and issues them. This true sale of the loans to the SPV ensures that the RMS is treated as bankruptcy-remote from the originator. These trust entities are REMIC'S in which the IRS describes a (Real Estate Mortgage Investment Conduit) REMIC as an entity formed for the purpose of holding a fixed pool of mortgages secured by interests in real property (IRS Publication 550, Investment Income and Expenses, 2015).**

Again, Plaintiff have examined a purported to be true copy of their Promissory Note dated February 28, 2018 regarding a loan for $620,000.00. The Original Lender of the February 28, 2018, of Plaintiffs loan is Citizens Bank, N.A., (See Exhibit "A" attached within).

a. This copy of the Plaintiffs Note shows absolutely no endorsement to the Note attempting to make the Note payable to anyone.

b. The Citizens Financial Group CFG Series 2018-3 Trust are not named

c. There is absolutely no evidence that Citizens Financial Group CFG Series 2018-3 Trust are not named in any way on the Plaintiffs Note.

d. There is no evidence that Citizens Financial Group CFG Series 2018-3 Trust ever received an ownership interest in the Plaintiffs Note.

In order to state a *prima facie* claim of fraud under Rhode Island law, "a plaintiff must establish that: (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury." *McNulty v. Chip,* 116 A.3d 173, 182-83 (R.I. 2015) (*quoting Parker v. Byrne*, 996 A.2d 627, 634 (R.I. 2010)) (internal citation omitted).

However, as recently discussed, the requisite particularity for fraud allegations depends on the unique facts and circumstances of the case and the requirements may be relaxed in situations that

involve complex allegations of fraud over long periods of time. *See Women's Development Corp.*, 764 A.2d at 161 (stating that for the purpose of Rule 9(b), particularity depends on the nature of the case and on whether the complaint provides fair notice to the opposing party). Plaintiffs pleads that the Court specifically finds that these allegations are sufficiently particularized under Super. R. Civ.P.9(b) and satisfy Rhode Island law requiring that allegations of fraud are detailed enough too provide fair notice to the opposing parties of the charges against them. 1 Robert B. Kent et al., *Rhode Island Civil and Appellate Procedure* § 9:2 at 107 (2018-2019 ed.) ("[w]hat constitutes sufficient particularity necessarily depends upon the nature of the case and should always be determined in the light of the purpose of the rule to give fair notice to the adverse party and to enable him to prepare his responsive pleading"). Plaintiffs has met their burden.

## SECOND CAUSE OF ACTION

Failure to Properly Record Assignment

Endorsement is mechanically necessary to constitute transfer interest to party not originally named. Entitlement to enforce a note focuses on the relationship between the maker of the note and the person enforcing it. Ownership of the note is a concept that deals with who is entitled to the economic fruits of the note. The Court must see that the compounding misunderstanding that keeps recurring concerns the difference between enforcement of the Note and enforcement of the Mortgage. The Court must conclude that someone my be able to enforce the Note without owning the debt, but no one can enforce the Mortgage without owning the debt., the acts of the transferors and transferees of the Note and Mortgage, rights to the Mortgage can be separated from rights to the Note, causing the debt to be no longer secured by title to real property. Therefore, without ownership of the debt, ownership of the note still evidencing the debt and ownership of the Mortgage as a lien to enforce the debt, there is no retention of the right to enforce the Mortgage as a properly secured lien.

Plaintiff has examined the Kent County Record relating to the Mortgage dated February 28, 2018. The Kent County Record shows that No Assignments of Mortgage have been filed into the

- 8 -
PLAINTIFF'S ORIGINAL COMPLAINT

public records (See Exhibit "C" attached within). Plaintiffs continues to complain that based on examining the County Records on its face, there is no evidence or indication that Citizens Financial Group CFG Series 2018-3 Trust ever acquired ownership rights to the Plaintiffs loan, Note, Mortgage, the debt purportedly 'evidenced' thereby, and/or the real property purportedly 'secured' thereby.

   a. Citizens Financial Group CFG Series 2018-3 Trust has never acquired rights to the Plaintiff Note and Mortgage, those rights can not be transferred to another party.
   b. The evidence that has been examined lacks proof, or even a showing of any proper transfer of the debt obligation (purportedly evidenced by the note) along with proper transfer of collateral rights in the real property (purportedly evidenced by the Mortgage.

In fact, there is no evidence on the record that suggests that the Plaintiffs Note was properly transferred simultaneously with any purported transfer of the beneficial rights in the Plaintiffs Mortgage.

## LEGAL STANDARD

### A. Standing

Article III of the U.S. Constitution limits the Court's jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. For a case or controversy to exist, the party bringing the case must have standing. *Perry v. Newsom*, 18 F.4th 622, 630 (9th Cir. 2021). The "irreducible constitutional minimum" of Article III standing requires the plaintiff to show the following three elements: "(1) [The plaintiff] suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016). As the party invoking the Court's jurisdiction, the plaintiff "bears the burden of establishing these elements." *Id.* \*4 Injury in fact is the "[f]irst and foremost" of the three elements. *Id.* "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). A concrete injury is one that is "real, and not abstract." *Spokeo*, 578 U.S. at 340 (internal

quotation marks omitted). "An injury in fact can be a physical injury, a monetary injury, an injury to one's property, or an injury to one's constitutional rights, to take just a few common examples." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024). "A 'particularized injury' is one that 'affect[s] the plaintiff in a personal and individual way.' " *Safer Chems., Healthy Fams. v. U.S. Env't Prot. Agency*, 943 F.3d 397, 411 (9th Cir. 2019) (quoting *Spokeo*, 578 U.S. at 339).

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,' " *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Id.* (quoting *Iqbal*, 556 U.S. at 678).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr.*, 768 F.3d at 945, but need not "accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Plaintiffs puts forth factual efforts that their complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, Plaintiff set forth extended actions demonstrating to this Court detailed factual allegations. While Rule 8 "does not require 'detailed factual allegations,'" it demands more than an "unadorned...accusation." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal,*, 556 U.S. 662, 678 (2009)).

## CONCLUSION

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); see also *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (reaffirming rule of more liberal construction with *pro se* complaints less than two weeks after issuing *Twombly* ). The leniency with which courts construe *pro se* Plaintiffs' complaints, however, does not abrogate the basic pleading requirements designed to ensure that courts do "not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). *Pro se* Plaintiffs still must provide more than bare assertions of legal conclusions to survive a motion to dismiss. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir.2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)). However, because deficiencies in a *pro se* plaintiff's complaint are likely attributable to a lack of training, "courts typically permit the losing party leave to amend[,]" even in the absence of a specific request by the non-moving party. *Brown v. Matauszak*, 415 Fed.Appx. 608, 614–615 (6th Cir.2011) (unpublished) (McKeague, J.) (quotation omitted). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of [a

legal transgression], the complaint has alleged—specifics and not presumptions. Plaintiffs claims has validity coupled with merits, Plaintiff does not allege naked assertions but facts.

## **PRAYER**

Plaintiffs pray that this examine the facts in their favor and award them damages according to law and what the Court deems reasonable and necessary.

DATED December 8, 2025

Respectfully submitted,

By: /s/ Andrew Stone
Andrew Stone
194 Spring St.
East Greenwich, RI 02818

By: /s/ Jody Stone
Jody Stone
194 Spring St.
East Greenwich, RI 02818

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above **ORIGINAL** to the UNITED STATES DISTRICT COURT and **ONE COPY** delivered to CITIZENS BANK N.A., by certified mail return receipt requested this ____th day of December 2025.

Certified No._____ and its attorneys of record when applicable, to:

*CITIZENS BANK, N.A.*
COUNSEL OF RECORD:

1 Citizens Plaza
Providence, RI 02903
Telephone: (401) 456-7000

Respectfully submitted,

By:_____
Andrew Stone
194 Spring St.
East Greenwich, RI 02818

By:_____
Jody Stone
194 Spring St.
East Greenwich, RI 02818